**151-15**

No. 08-11-00317-CR

ORIGINAL

Court of Criminal Appeals of Texas
Capitol Station, Austin, Texas

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 01 2015

Abel Acosta, Clerk

Johnny Green

VS.

The State of Texas

FILED IN
COURT OF CRIMINAL APPEALS

MAY 01 2015

Abel Acosta, Clerk

On Petition For Discretionary Review
from The Eighth Court of Appeals
in Appeal #08-11-00317-CR Affirming The Conviction
in Case #1199474D from 372nd Judicial District Court
of Tarrant County, Texas

Appellant's Petition For
Discretionary Review

Johnny Green
TDCJ# 01738876
Mark Stiles Unit
3060 FM 3514
Beaumont, Texas 77705
Appellant, Pro Se

# Index

Index . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i-iii

List of Authorities . . . . . . . . . . . . . . . . . . . . . . . iv

Name of All Parties . . . . . . . . . . . . . . . . . . . . . . . . v.

Statement Reguarding Oral Argument . . . . . . . . . . . . . . . vi

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . vii

Procedural History . . . . . . . . . . . . . . . . . . . . . . . . viii

Ground for Review 1 . . . . . . . . . . . . . . . . . . . . . . . 1-2

Ground for Review 1

The Trial Court Errored in Holding the Evidence
To be Legally Sufficient To Sustain the Conviction
of the Appellant Because the Evidence was
insufficient To establish That the Appellant
Did To commit The offense of murder. (RR. Vol. IV pp.
27-63; Vol. V pp. 9-255, Vol. VI pp. 9-215)

Ground for Review 2 . . . . . . . . . . . . . . . . . . . . . . . . 3-5

Ground for Review 2

It was Abuse of Discretion for the Trial
Court To Overrule Appellant's Rule 403
Tex. R. Evid. Objection. (RR V. pp. 137-138)

Ground for Review 3 . . . . . . . . . . . . . . . . . . . . . . 3-5
      It was Abuse of Discretion for Trial Court
      To Overrule Appellant's Rule 403 Tex.R. Evid.
      Objection. (RR.V. pp. 141)

Ground for Review 4 . . . . . . . . . . . . . . . . . . . 3-5
      It was Abuse of Discretion for Trial Court To
      Overrule Appellant's Rule 403 Tex.R. Evid. Objection
      (RR Vol.V. pp. 189-192)

Ground for Review 5 . . . . . . . . . . . . . . . . . . . 3-5
      It was Abuse of Discretion for Trial Court To
      Overrule Appellant's Rule 403 Tex.R. Evid.
      Objection (RR Vol.V. pp. 209-211)

Ground for Review 6 . . . . . . . . . . . . . . . . . . . 3-5
      It was Abuse of Discretion for Trial Court To
      Overrule Appellant's Rule 403 Tex.R. Evid.
      Objection (RR. Vol.V pp. 229-230)

Ground for Review 7 . . . . . . . . . . . . . . . . . . . 6
      It was Abuse of Discretion for Trial Court To
      Overrule Appellant's Rule 401 Tex.R. Evid.
      Objection (RR. Vol.V. pp. 233-234)

Ground for Review 8: . . . . . . . . . . . . . . . . . . . . . . . . . 3-5
     It was Abuse of Discretion for the Trial Court To
     Overrule Appellant's Rule 403 Tex. R. Evid. Objection.
     (RR. Vol. VI p. 22).


Ground for Review 9: . . . . . . . . . . . . . . . . . . . . . . . . . 3-5
     It was Abuse of Discretion for the Trial Court To
     Overrule Appellant's Rule 403 Tex. R. Evid. Objection.
     (RR Vol. VI p. 198).


Summary of Argument . . . . . . . . . . . . . . . . . . . . . . . . . ix

Prayer for Relief . . . . . . . . . . . . . . . . . . . . . . . . . . x

Sworn Declaration . . . . . . . . . . . . . . . . . . . . . . . . . . xi

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . xi

Appendix (Court of Appeal's Opinion) . . . . . . . . . . . . . . . . xii

# List of Authorities

## Cases                                                                      PAGES

Ates v. State 644 S.W. 2d 843, 845 . . . . . . . . . . . . . . . . 1-2

Erazo v. State 144 S.W. 3d @ 488 (Tex. Crim. App. 2004) . . . . . . . . 3-5

Martinez v. State 22 S.W. 3d 504, 507 (Tex. Crim. App. 2000) . . . . . . 6

Moff v. State 131 S.W. 3d @ 488 . . . . . . . . . . . . . . . . 6

Montgomery v. State 810 S.W. 2d 372 (Tex. Crim. App. 1991) . . . . . . 3-5

Phillips v. State 297 S.W. 2d @ 135 . . . . . . . . . . . . . . 1-2

Richie v. State 149 S.W. 3d @ 857 (Tex. App. Amarillo 2004) . . . . . . 1-2

Watson v. State 160 S.W. 3d @ 628-29 (Tex. App. Waco 2005) . . . . . 1-2

Williams v. State 27 S.W. 3d @ 602-603 (Tex. App. Waco 2000) . . . . . 6

Zuniga v. State 144 S.W. 3d 477 (Tex. Crim. App. 2004) . . . . . . 1-2

## Codes, Rules, and Statutes

Penal Code § 19.02 (b) (1), (2) . . . . . . . . . . . . . . . . 1-2

Rule 38.1 Tex. R. App. P. . . . . . . . . . . . . . . . . . . v.

Rule of Evid. Rule 103(a)(1) . . . . . . . . . . . . . . . . 6

Texas Rule App. P. 33.1 (a)(1)(a) . . . . . . . . . . . . . . 6

Texas Code of Crim. Proc. Ann. Article 38.03 . . . . . . . . . . 1-2

Tex. Rule. Evid. 401 . . . . . . . . . . . . . . . . . . . 6

Tex. Rule. Evid. 403 . . . . . . . . . . . . . . . . . . . 3-5

Texas Penal Code § 6.03 (a), (b) . . . . . . . . . . . . . . . 1-2

# Name of All Parties

Pursuant to Rule 38.1, Tex.R.App.P., the following is a complete listing of all parties to the trial court's final judgement and their counsel in the trial court.

Appellant: Johnny Green Jr.

Complaintant: Honorable Judge Joe Shannon Jr.

Appellant Trial Counsel: J. Warren St. John

State Trial Counsel: Robert K. Gill
Sherri L. Wagner

Trial Judge: Scott Wisch

Appellant Counsel on Appeal: J. Warren St. John

States Counsel on Appeal: Debra Ann Windsor

## Statement Reguarding Oral Argument

Appellant does not request oral argument as the decisional process of this Court would not be significally aided by oral argument since the facts and legal arguments are adequately presented in the Petition submitted to this Court by the Appellant.

The Appellant does not request oral argument, if the State does so. Other than that he does not.

# Statement of Case

Appellant was convicted, as charged by indictment of murder in Cause # 1199474D in the 372nd District Court of Tarrant County, Texas, The Honorable Judge Scott Wisch presiding. On August 23rd 2011, Appellant pleads not guilty to offense charged in indictment. A jury trial was held and Appellant was found guilty as charged.

Appellant was sentenced to Life in the Texas Department of Criminal Justice, with a $10,000 fine.

Appellant timely filed a Motion for New Trial and a Notice of Appeal.

# Procedural History

Appellant was found guilty of murder Cause #1199474D in the 372nd Judicial District Court, Tarrant County, Texas.

Appellant filed Motion for Notice of Appeal on 8/31/11.

Appellant appealed in 8th Court of Appeal in El Paso, Texas, Cause #08-11-00317-CR which issued a Memorandum Opinion on, Nov. 22nd 2013, affirming Appellant's conviction.

Appellant now files his Pro Se Petition for Discretionary Review.

## GROUND 1:

The Trial Court Errored in holding the evidence to be Legally Sufficient to sustain the conviction of the Appellant because the evidence was insufficient to establish that the Appellant did to commit the offense of murder. (RR. Vol. IV pp. 27-63; Vol. V. pp. 9-255, Vol. VI pp. 9-215)

## Argument and Authorities:

It is well recognized principle of law in this state that, to sustain a conviction, it should appear not only that an offense as charged has been committed, but there should also be proof to a degree of certainty greater than a mere probability or strong suspicion tending to establish that the party charged was the person who committed it or was a participant in it's commission. There must be legal and competent evidence pertinently identifying the defendant with the transaction constituting the offense charged against him. See Ates v. State 644 S.W. 2d 843, 845 (citing Phillips v. State 297 S.W. 2d @ 135).

The jury convicted the Appellant of murder. A person is guilty of murder if he (1) intentionally or knowingly cause the death of another or (2) intends to cause seriously bodily injury and commits an act dangerously to human life, that causes the death of an individual. See Tex. Penal Code § 19.02(b)(1), (2).

Citing Richie v. State 149 S.W. 3d @ 857 (Tex. App. Amarillo 2004). The statue requires the accused to have had a particular mindset viz the prohibited result. Given this it is error to inform the jury that it can convict one of the offense if it finds the accused acted either intentionally or knowingly with reguard to the conduct that untimely lead to the result. See Tex. Penal Code § 6.03(a); Tex. Penal Code § 6.03(b).

1.

The evidence did not legally support the conviction of murder. The evidence clearly places appellant at the scene of crime but no evidence shows he committed the act of murder.

Tex. Code of Criminal Procedure. Ann. Article 38.03; which provides that no person may be convicted of an offense unless each element is provided beyond a reasonable doubt.

Evidence is factually insufficient to support a verdict. See. Zuniga v. State 144 S.W. 3d 477 (Tex. Crim. App. 2004); Watson v. State 160 S.W. 3d @ 628-29 (Tex. App. Waco 2005) (RR. Vol. IV pp 27-43; Vol. V. pp. 9-255; Vol. VI pp. 9-215)

Grounds 2, 3, 4, 5, 6, 8, & 9:

It was Abuse of Discretion for Trial Court To Overrule
Appellant's Rule 403 Tex. Rule. Evid. Objection.
(RR. Vol. V pp. 137-138; Vol. V.p.141; Vol.V.p. 189-192; Vol.V pp. 209-211;
Vol.V. pp. 229-230; Vol. VI p. 22; Vol. VI p. 198)

Arguments and Authorities:

Rule 403 of Texas Rule of Evidence provides the following:
Although relevent, evidence maybe excluded if it's probate valures is
substantially outweighed by the danger of unfair prejudice, confusion
of the issues, or misleading the jury, or by considerations of undue
delay, or needless presentation of cumulative evidence. Rule 403 creates
a presumption of admissibility of all relevant evidence and authorize
a trial judge to exclude such evidence only when there is a "clear
disparity, between the degree of prejudice of the offered evidence and
it's probative value."

Ground Two: The Appellant's objection should not have been
overruled due to the fact that the brick used in the offense was
irrelevent because it did not obtain any DNA by the Appellant. As
well as the fact that the cause of death was suffocation.
(RR. Vol.V. pp. 137-138).

Ground Three: The Appellant's objection should not have been
overruled due to the fact that the blood swab from the street, curb,
or grassline doesn't indicate the appellant committed the crime.
The photos and buccal swabs was irrelevant because it never proved
appellant committed the offense. (RR Vol. V. p.141)

3.

Ground Four: The appellant's objection should not have been overruled due to the fact that the appellant was on trial for murder so it was irrelevant to present DNA test from appellant. It showed at some point appellant had contact with the victim but it did not prove he was the killer. (RR. Vol. V. pp. 189-192).

Ground Five: The appellant's objective should not have been overruled due to the fact that the blue pants found near the body was irrelevant because it does not prove appellant removed them. Nor does it prove appellant committed the crime. (RR. Vol. V pp 209-211).

Ground Six: The appellant's objection should not have been overruled due to the introduction of, swab, from brick, hair from brick, hair from panties, swab from curb, swab from sandals, hair from bra, and finger nail cuttings. Niether item links to the appellant and misled jury to believe it did. Therefore it left each item to remain irrelevant to both appellant and trial. (RR. Vol. V. pp. 229-230).

Ground Eight: The appellant's objection to the tank top and one piece top should not have been overruled due to the fact that it was irrelevant during trial because it persuaded jury to believe it was removed due to a sexual attempt on victim. As well as the fact that it did not pretain to the offense of murder. (RR. Vol. VI pp. 22)

Ground Nine: The appellant's objection should not have been overruled due to the fact that buccal swab kit from Sam Calloway led jury to believe it was a diffrent person. Therefore it was irrelevant to present DNA test of Sam Calloway to the jury because it only confused them. (RR. Vol. VI. p. 198).

4.

Citing Eraza v. State 144 S.W. 3d 487 @ 488 (Tex. Crim. App. 2004) "States that photographs is inadmissible under 403 if it is substantially more prejudical than probative." As they were.

The court did not conduct a balancing test as is required by Rule 403. The Trial Court Abused it's Discretion by allowing the introduction of the evidence. See Montgomery v. State 810 S.W. 2d 372 (Tex. Crim. App. 1991)
(RR Vol. V. pp. 137-138; Vol. V p. 141; Vol. V pp. 189-192; Vol. V pp. 209-211; Vol. V. pp 229-230; Vol. VI p. 22; Vol. VI. p. 198)

Appellant recieved Life in prison. Reversal is required.

## Ground 7:

It was Abuse of Discretion For The Trial Court To Overrule Appellant's Rule 401 Tex. R. Evid. Objection (RR Vol. V. pp 232-234)

## Argument And Authorities:

Jury was misled by Ms. Lopez's testimony That brick found at crime scene was used as alleged weapon on deceased. But the evidence was irrelvant due to the fact that there was no evidence such as DNA that supports the fact that Appellant used the brick on the victim.

"Relevant Evidence" meaning have any tendency to make the existance of any fact that is of consequence to the action more probable or less probable than it would be without evidence. (Tex. R. Evid. 401) And Ms. Lopez's testimony did not uphold that.

Citing Martinez v. State 22 S.W.3d 504, 507 (Tex. Crim. App. 2000) To perserve error reguarding the admission of evidence, a defendant must lodge a timely and specific objection. The purpose of requiring the objection is to give to the trial court or the other party the oppurtunity to correct the error or remove the basis for the objection. See Rules of Evidence, Rule 103(A),(1); Williams v. State 27 S.W.3d @ 602-603 (Tex. App. Waco 2000)

To preserve a complaint for Appellant review the complaining party must lodge a timely and specific objection stating the grounds with sufficient clarity to advise the trial court of the basis for the complaint. See Tex. R. App. P. 33.1(A)(1)(A); Moff v. State 131 S.W.3d. @ 488.

Appellant timely objected to Ms. Lopez's testimony, and the trial court overruled appellants objection. (RR. Vol. V. pp. 232-234)

6.

# Summary of Argument

The Trial Court erred in holding the evidence to be sufficient to sustain the conviction of the Appellant because the evidence was insufficient to establish that the Appellant had committed the offense of murder. The appellant has established it was Abuse of Discretion for the Trial Court to Overrule Appellant's Rule 403 Tex. R. Evid. Objections.

Furthermore, the appellant was prejudiced by allowing the testimony before the jury of Sundaye Lopez as it related to the relevance of placing brick pieces together based on her interpretation of how they should go.

## Prayer for Relief

Appellant has presented nine points of error, any of which, if sustained, would warrant reversal of the case. Appellant therefore prays that his conviction be overturned with the instructions that the trial court aquit Appellant of all charges against him.

Alternatively, Appellant request reversal of the conviction against him and around thus remand to the trial court for new trial. Finally, Appellant requests further relief either in law or in equity to which he is justly entitled.

Respectfully Submitted

J. Green

Johnny Green #1738876
Stiles Unit
3060 FM 3514
Beaumont, Texas 77705

X.

## Sworn Declaration

I, Johnny Green TDCJ#01738876, Declare under penalty of perjury that the foregoing petition is true and correct to the best of my knowledge.

Executed on the 23rd day of April 2015.

G. Green
Johnny Green
TDCJ#01738876
Petitioner Pro Se

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing petition for Discretionary Review, has been forwarded by U.S. mail, postage prepaid, first class to the Court of Criminal Appeals, Able Acosta, Clerk; at P.O. Box 12308, Capital Station, Austin, Texas 78711 and State Prosecuting Attorney, P.O. Box 12405, Austin, Texas 78711 on this date. 23rd day of April 2015

G. Green
Johnny Green
TDCJ#01738876

xi.

Appendix:
Court of Appeal's Memorandum
Opinion



COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JOHNNY GREEN, JR., | § | No. 08-11-00317-CR |
| Appellant, | § | Appeal from the |
| v. | § | 372nd District Court |
| THE STATE OF TEXAS, | § | of Tarrant County, Texas |
| Appellee. | § | (TC# 1199474D) |
| | § | |

## OPINION

A jury found Appellant guilty of the offense of murder, sentenced him to life in prison, and assessed a $10,000 fine on August, 26 2011. TEX. PENAL CODE ANN. § 19.02(b)(1) (West 2011). Appellant raises nine issues on appeal.

## BACKGROUND

On July 7, 2002, the body of Carolyn Roberson was found in an open field in Fort Worth.[1] An autopsy revealed that Ms. Roberson was smothered to death. Ms. Roberson also suffered a laceration to the back of her head consistent with being struck with a brick, gliding abrasions on her knees and shoulders, facial lacerations, and defensive wounds on both hands. Several of Ms.

---

[1] As this case was transferred from our sister court in Fort Worth, we decide it in accordance with the precedent of that court. TEX.R.APP.P. 41.3.

Roberson's belongings were recovered at the crime scene and investigators were able to extract DNA samples from multiple items, including her top, bra, pants, the curb, and a brick. The DNA samples were consistent with the DNA of the victim, and of one unidentified suspect. In 2009, investigators were notified that the unknown suspect's profile DNA was connected to the existing DNA profile of Appellant, Johnny Green, in the State's Combined DNA Index System (CODIS) offender database. After obtaining a DNA sample from Appellant, scientists were able to identify that the DNA obtained from blood on Ms. Roberson's top, bra, and pants originated from Appellant. It was also discovered that Appellant lived a few blocks away from the crime scene at the time of Ms. Roberson's death. A grand jury indicted Appellant for capital murder in Tarrant County, Texas on May 12, 2010.

## DISCUSSION

In Issue One, Appellant challenges the legal sufficiency of the evidence to support his conviction. Appellant recites the standard for reviewing evidence and determining legal sufficiency, and then asserts that the State did not meet its burden of proof beyond a reasonable doubt that Appellant committed the offense. However, without citing to any legal authority, Appellant merely notes what federal courts "indicate" about reasonable doubt and the nature of proof which satisfies the purported reasonable doubt standard. In his concluding paragraph for Issue One, Appellant sets forth Texas case law regarding appellate court examinations of the evidence for sufficiency, followed by a single citation to three different portions of the record which comprise almost five hundred pages. Appellant neither sets out any specific relevant facts from the cited pages of the record nor attempts to apply the law to the facts contained in the cited pages of the record. Appellant presents no legal argument explaining why the evidence on the

2

cited pages is legally insufficient to support his conviction.

Because we are under no obligation to make Appellant's arguments for him, we find this issue is inadequately briefed and presents nothing for our review. TEX.R.APP. P. 38.1(i); *see Lucio v. State*, 351 S.W.3d 878, 896-97 (Tex.Crim.App. 2011), *cert. denied*, 132 S.Ct. 2712, 183 L.Ed.2d 71 (2012), citing *Busby v. State*, 253 S.W.3d 661, 673 (Tex.Crim.App. 2008) and *Cardenas v. State*, 30 S.W.3d 384, 393–94 (Tex.Crim.App. 2000). Issue One is overruled.

In Issue Seven, Appellant asserts that the trial court abused its discretion by overruling his Rule 401 relevancy objection to three of the State's exhibits. TEX.R.EVID. 401. Appellant then states that the testimony of witness, Ms. Sundaye Lopez, "could only inflame the jury based on her best effort to reconstruct pieces of brick found at the crime scene," and "[t]he photo of the pieces of brick were not relevant as to any alleged weapon used by the perpetrator on the deceased." These statements are followed by a recitation of the rule and an excerpt from the record containing the objection and the trial court's ruling on it. Appellant concludes by reciting the standard for preserving error under Texas Rule of Appellate Procedure 33.1 and asserting that he timely objected to Ms. Lopez's testimony at trial. TEX.R.APP.P. 33.1.

We disagree that Appellant objected to and therefore preserved error as to Ms. Lopez's testimony. The objection cited in the brief is to the State's proffer of Exhibits 86-88. The record contains no objection to Ms. Lopez's testimony regarding Exhibits 86-88. Furthermore, Appellant's brief lacks a legal argument supported by authority asserting how the trial court abused its discretion or how the evidence to which he objected was irrelevant. Because it presents unpreserved error and is inadequately briefed, Issue Seven is overruled. TEX.R.APP.P. 38.1(i); *see Lucio*, 351 S.W.3d at 896-97, citing *Busby*, 253 S.W.3d at 673 and *Cardenas*, 30 S.W.3d at

3

393–94.

In Issues Two through Six, Eight and Nine, Appellant complains that the trial court abused its discretion by overruling his Rule 403 objections to various physical evidence exhibits. Appellant correctly states that Rule 403 carries a presumption of relevance unless the trial court finds a clear disparity between the probative value of the evidence and the degree of prejudice its admittance would create. TEX R. EVID. 403. He then sets forth the correct standard of review, that a trial court's admission of evidence is only reversed after a clear abuse of discretion, and that the reviewing court should not assume that the trial judge did the required balancing and did not rule arbitrarily or capriciously, but must measure the ruling against relevant criteria. *Mozon v. State*, 991 S.W.2d 841, 847 (Tex.Crim.App. 1999). Appellant concludes by stating, "The [trial] court did not conduct a balancing test as is required by Rule 403," but fails to set forth the required balancing test or identify any portion of the test which the trial court failed to perform. Each issue has a record cite at the end of its respective page[2] which is presumably meant to direct us to the evidence and relevant testimony for each objection at issue. However, Appellant neither states what each piece of specific evidence is nor provides us with the relevant facts from the cited pages. Furthermore, Appellant does not apply the law to any facts from the record nor presents any legal arguments explaining how the trial court abused its discretion or how the evidence was prejudicial to his case.

As in Issue One, absent a clear and concise argument with proper citations to authorities and the record, we conclude that Appellant's remaining seven issues are inadequately briefed and present nothing for our review. TEX.R.APP.P. 38.1(i); *see Lucio*, 351 S.W.3d at 896-97, citing

---

[2] We note that each issue is set forth on a single page, the text of which is identical except for the citation to the record at the end.

4

*Busby,* 253 S.W.3d at 673 and *Cardenas,* 30 S.W.3d at 393–94.   Issues Two through Six, Eight and Nine are overruled.

The State raises a sole cross-point in its brief requesting that the judgment, which currently contains no fine, be reformed to reflect the jury's verdict of a $10,000 fine.   An appellate court may modify a judgment to ensure the trial court's judgment conforms with the jury's verdict.   TEX.R.APP.P. 43.2(b).   *Nelson v. State,* 149 S.W.3d 206, 213 (Tex.App.—Fort Worth 2004, no pet.).   If there is a discrepancy between the oral pronouncement of sentence and the sentence as written in the judgment, the oral pronouncement controls.   *Thompson v. State,* 108 S.W.3d 287, 290 (Tex.Crim.App. 2003), *Coffey v. State,* 979 S.W.2d 326, 328 (Tex.Crim.App. 1998).   In its written judgment, the trial court marked "Fine" as "N/A."   However, the oral pronouncement of Appellant's sentence included the imposition of a fine in the amount of $10,000.   We sustain the State's cross-issue and reform the judgment to reflect the fine of $10,000 as assessed by the jury.

### CONCLUSION

We affirm the trial court's judgment as reformed.


GUADALUPE RIVERA, Justice

November 22, 2013

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)

5